Oyez, oyez, oyez. The Honorable Appellate Court, 5th District, State of Illinois is now in session. The Honorable Justice Cates presiding along with Justice Welch and Justice McKinney. The first case this morning is 522-0010, People v. Rodney Baltimore. Arguing for the defendant appellant is Christopher Gerke. Arguing for the state appellee is Max Miller. Each side will have 10 minutes for the argument. The appellant will also have five minutes for rebuttal. Please, Your Honor, the court is permitted to record these proceedings. Good morning, gentlemen. Good morning, Your Honor. Mr. Gerke, are you ready to proceed? I am, thank you. Okay, you may do so when ready. Excellent. May it please the Court, Counsel, I represent Rodney Baltimore, the appellant in this case. Back in the 1980s, Rodney entered an open guilty plea to two first-degree murders, one of which he was accountable for, for an incident that occurred a few weeks after his 18th birthday. Now, that incident stemmed from his agreement to join his younger co-defendant, Gary Clark, to steal money from an elderly couple named the Kerfmans. Now, the trial court recognized that Clark was, quote, the instigator of the incident and that he was, quote, the greater offender as to cruelty, aggressiveness, and participation. But because Clark was a juvenile offender in the decades since, under Miller v. Alabama, he was resentenced and has since been released from prison. Because my client was a few weeks past his 18th birthday, that option was not available to him. So in 2021, he filed a post-conviction petition challenging his life sentence under Illinois' proportionate penalties clause, as the Supreme Court directed individuals could do under Peeble v. Harris. His argument being that because the brain science underpinning Miller v. Alabama for juvenile offenders, because his brain, as someone who's slightly over 18, is no different than that of a juvenile offender, rather, that the court, in imposing his mandatory life sentence, could not and did not consider his use properly. Now, the only issue before this court, because we're only at an appeal from a first stage of post-conviction review, is whether my client has set out an arguable constitutional claim. And the state does not dispute that on its merits, my client has set out an arguable constitutional claim. The state's only argument is procedural default that under the Illinois Supreme Court's decision in Peeble v. Jones in 2021, that by entering an open plea, my client waived his sentencing challenge. But Jones actually recognized that the exact opposite is true. In Jones, the court recognized that if a plea is entered under an unconstitutional mandatory life sentencing scheme, a challenge to that sentence is not waived. In Jones, the defendant initially did face a mandatory life term for double murder, but he under a different scheme for a single murder for 50 years. Jones recognized that plea waiver is derived from contract principles. And so when a person agrees to a particular sentence in exchange for their plea, they enter a contract with the state that waives future sentencing challenge. So in that case, because the defendant agreed to his particular sentence, he waived his right to challenge his sentence. But Jones specifically clarified on page 18 of that court directly. If the statutory sentencing scheme had actually been applied in this case to set the petitioner's life sentence, petitioner's argument would have presented a claim that we could have reviewed on its legal merits. So the court expressly, the Illinois Supreme Court expressly recognized that when a person challenges a sentence after a guilty plea, if their sentence is imposed under a mandatory life scheme, that claim is not waived. And here it's undisputed that Mr. Baltimore was under a mandatory life sentencing scheme. And so because the state's waiver argument is actually contrary to Jones, and because the state doesn't otherwise dispute that my client has made an arguable constitutional claim under the proportionate penalties clause, just on Jones alone, your honors could and should remand for further post-congressional proceedings for my client. But in addition to that, there's the fact that Rodney entered an open guilty plea, not a negotiated plea for a particular sentence. When you enter an open plea, as your honors I'm sure are well aware, you do not agree to a particular sentence. You do not agree to a particular sentence in concession. So therefore there's no contract with the state when it comes to a particular sentence, and therefore you do not waive that sentence. Waiver, as your honors know, is the affirmative relinquishment of a known right or privilege. So without that contract with the state in 2011, quote, is the existence of a sentencing concession on the part of the state which triggers the application of contract principles. And what your honors recognized in 2014, or a panel of this court recognized in 2014, quote, if there's no agreement, I'm sorry, if no agreement existed between the parties as to the defendant's sentence, defendant manifestly cannot be breaching that nonexistent agreement by challenging their sentence. So because Rodney entered an open plea and there's really no dispute that he did, the trial court expressly recognized on page 201 of the record that his plea was, quote, unconditional and unconditionally entered. He has not waived his constitutional sentencing. And so, and in addition to Jones, and in addition to the fact he entered an open plea, there's also the fact that under the first district has recognized that an open plea does not waive this very type of claim in People v. Quezada in 2022, which I cited in my reply brief. In that case, a juvenile offender raised a challenge to, a constitutional challenge to his sentence after entering an open plea, and the court remanded for further post-conviction proceedings. So just on that basis alone, we have a decision from this court, not from the appellate court rather, that would support my client's claim. And that by itself shows that it's at least an arguable constitutional claim warranting further, further post-conviction proceedings. So because Jones, because the state's only argument is waiver, which is contrary to Jones, because a open plea does not waive a sentencing challenge, and because at least the existence of Quezada shows my client's claim, it is argue, at least an arguable claim. I would respectfully ask that your honors find that he has raised an arguable constitutional claim and remand for further post-conviction proceedings. Now, unless your honors have any other questions, I can sum up and the remainder of my time. Justice Welch? No questions. Justice McKinney? No questions. Do you have any further summation, Mr. Garricky? Very briefly. Your honors, Mr. Baltimore right now is 57 years old. He's been incarcerated for nearly 40 years for offenses committed a few years ago. For those in our briefs, we respectfully ask your honors to find that his pro se petition makes an arguable constitutional claim under Peeble v. Harris and remand for further post-conviction proceedings. All right. Thank you. You'll have a few moments after Mr. Miller. Mr. Miller, are you ready? Yes, your honor. Before you even begin, I have a question for you. Is it true that the state believes there is an arguable constitutional claim, but for the issue of waiver? No, your honor. The state did not concede that, but the state does recognize that it was not addressed in the brief and therefore that would be the legal conclusion that it would have to be treated as such, but the state's not affirmatively stating that that is the case. But the state believes that this issue is fully disposed of by waiver, the waiver argument, which will in turn get to sort of the gist of the constitutional, but as it stands, the state did specifically address the merits. But procedurally, because the way the case has addressed it in its brief, you would agree that waiver is the issue? Yes. Yes, your honor. Okay. Thank you. You may proceed then. May it please the court, counsel. My name is Max McCoy. I represent the people of the state of Illinois. The trial court properly dismissed defendant's post-conviction petition where he failed to set forth the gist of a constitutional claim, specifically where his Alabama. As a defendant notes, this case really hinges on People v. Jones, an Illinois Supreme Court case where our Supreme Court held that a 16-year-old juvenile defendant was precluded from raising just such a claim. Now, in that case, the court went to great lengths to discuss whether or not the trial court had discretion to impose this mandatory natural life sentence on a juvenile defendant. Here, it's important to note at the outset we're not dealing with a juvenile defendant. We're dealing with an 18-year-old, a legal adult. So I believe that's the first distinction to make between the two. But that being said, the trial court exercised discretion in its imposition of a sentence on the defendant here for two reasons. One, like in Jones, the court found if a judge finds a factual predicate for a plea insufficient, finds an entry of a guilty plea involuntary or unintelligent, or determines that a sentence was excessive under the facts and circumstances, he could decline to accept the plea. Surely that was the case here as well. And the Jones court held because the trial court had the option to accept or reject the plea offered by defendant, its decision necessarily constituted an exercise of discretion. So the state's position is that that is exactly the same case here. Further, in this case, because of state of the law in the mid-80s to late 80s, I forget the exact year, but when defendant was sentenced, the death penalty was a possible sentence in the state of Illinois. And so it's certainly the case that when defendant entered his plea without an agreement as to sentencing, the trial court was well within its rights to impose something as severe as the death penalty or to go with the natural life sentence. And the record reveals that the trial court relying directly on that open plea, the trial court says that, on the contrary, the law has recognized a plea of guilty demonstrates a penitent recognition of wrong. It's been further recognized as the first step of rehabilitation. This shows a direct reliance on defendant's plea in their making of sentence. And the trial court goes on to say, not verbatim, but just that it would be enforcing, or it would be sentencing defendant to the natural life, as opposed to death penalty, because of that plea. Now, because of the defendant's age, therefore, because he is a legal adult, because the trial court exercised discretion in its sentencing, therefore, the court should find that under Jones, the defendant has waived, or rather is precluded from raising the subsequent other claims. If this is true for a and 16 was the age of the defendant in Jones. Further, in defense reply brief, they bring up people verse a site to know, you'll forgive me on pronunciation, which deals with an 18 year old defendant who was given a de facto natural life sentence. That is a first district case that interprets Jones or Supreme Court case. And it first holds just specific to death penalty cases that a plea to avoid the death penalty is knowing involuntary, there's nothing about that in its nature that makes it per se unconstitutional or anything like that. And that it was purely speculative to conclude that defendant would have been convicted of the most serious charge against him when he pled guilty. Now, in that case, defendant did enter into our defendant, at least argued that he entered into an open plea. The a site to no court says that it does not believe that the Jones case hinges on whether it was negotiated versus an open plea that that's not the point that the point was, you know, whether the trial court exercise discretion in its sentencing of a juvenile, but the site to no court noted it's dealing with an 18 year old, just as this court is dealing with an 18 year old, not a juvenile, but a legal adult. And the a site to no court goes on further to make a sort of pragmatic distinction between the types of pleas that exist where you have an open plea on one end, a negotiated plea on the note that after a sentence or a plea is entered by a defendant, the state dropped some of the charges that was going that were going to be a right against the defendant. And that certainly happened in this case as well. Defendant was originally charged something like 17 different counts of first degree murder, charge of burglary, et cetera. And, you know, when the defendant entered his open plea, these remaining charges were dropped. And so the state would say that if this court were to decide that the crux of the issue is whether it was a negotiated plea, which is not what the state's position Jones is saying, it was not the first district's opinion on what Jones is saying. But if this court were to say that still, we have under contract rules that the defendant has received a benefit from his open plea. That is, he could have been sentenced to death, but because he entered an open plea, he was given a natural life sentence, which today is the maximum sentence. But at that time, that was a secondary sentence to the death penalty. So for these reasons, unless there are any questions, the state would rest on its brief and respectfully request this court affirm. Are you saying that the defendant received no benefit as a result of his open plea? No, I'm saying the opposite, Your Honor. The defendant did directly receive a benefit. Okay. Yes, it was. Okay, sure. I'm sorry if I misspoke. The defendant in his brief argued that, you know, that in exchange for the guilty plea, the defendant did not receive any kind of benefit. And the state's position is that he absolutely did. Although today, the death penalty does exist at the time, the state of the law, there was certainly a benefit to natural life over execution. Okay. Justice Welsh, any questions? No questions. Justice McKinney? No questions. Anything else, Mr. Miller? No, Your Honor. Thank you. All right. Mr. Gehrke, rebuttal? Yes. So the first thing I'd like to address is the idea that Jones turns on the discretion to give a particular sentence. In Jones, remember, that defendant was taken outside of a mandatory life sentencing scheme when he pled guilty to a single murder instead of a double murder. So his sentence was discretionary. In this case, we have a mandatory life sentencing scheme. And Jones, as I said in the quote on paragraph 18, specifically recognized that if a person is sentenced under a mandatory life sentencing scheme, even if they plead guilty, that issue is not waived. I don't think opposing counsel addressed that quote from Jones. The argument that the court somehow that my client received a benefit from his open plea, when my client enters open plea, at the moment he entered it, he faced the death penalty. The fact that the court later chose not to give that death penalty or that the state later voluntarily chose to dismiss charges is not evidence of an agreement with my client and the state or an agreement with my client and the court. And it is the agreement that constitutes the waiver. I think opposing counsel referred to this as, you know, he entered under contract rules because he received a benefit. That's not how contracts work. Contracts require consideration and agreement between the parties. So my client's one-sided open plea of guilt to an offense is not a contract to a particular sentence and therefore did not waive that sentence. And as for the Acetunio case, which I signaled in my reply brief, that case, again, is distinguishable for the same reasons. In that case, the defendant was not sentenced just on its facts. The defendant was not sentenced under a mandatory life sentencing scheme, which Jones, again, specifically recognizes does not waive that particular sentencing claim. And also, I would argue that Acetunio or however you pronounce it, excuse me, is wrongly decided. It's actually contrary to this court's decision in Gooch, this court's fifth decision in Gooch, where your honors held that you can't breach a non-existent agreement. And again, plea waiver is derived from contract principles. It's the affirmative relinquishment of a known right. And so because Acetunio is contrary to this court's decision in Gooch and because it's contrary to Jones, you know, Acetunio believed that Jones didn't turn on whether it was a negotiated plea or not. But Jones specifically said that it did because of these contract principles. Jones said that because this individual entered a discretionary or because he pled guilty under a discretionary sentencing scheme, that waived his right to challenge his sentence in the future because he agreed to a particular sentence. And therefore, the only way for him to challenge his sentence would be to actually draw the whole plea because it was the plea that waived his sentence. But when you enter an open plea, you can challenge your sentence. And that's what Jones essentially recognizes. And again, on paragraph 18 of Jones, it specifically said that if the mandatory sentencing scheme had applied to that client, that individual rather, he could have challenged his sentence under the Constitution. So Jones says the exact opposite of what what opposing counsel says it means in this very case. So because for those reasons, your honors, we'd ask that you reject the state's waiver arguments. They're directly contrary to Jones. An open plea does not waive a sentencing challenge. And because even at the very least, even if Acetunio is even despite that case, because this other case, Quezada, exists in which a person entered an open plea, and their constitutional challenge was advanced for further post-commission proceedings, we'd ask you to recognize at least based on that split of authority, that there's at least an arguable constitutional claim and that Mr. Baltimore's claim should move forward. Could you spell the name of the last case that you referenced that talks about the open plea? Yes, it's A-C-E-I-T-U-N-O. Okay, that's what I thought you were saying. Yeah, hopefully I spelled it right in my notes, your honor, but I think that's how we spell it. Okay, no, that's how it's spelled in the reply brief, but okay. Justice Welch, any questions? No questions. Justice McKinney. Yeah, how do you respond to the state's argument that he did get a benefit because he didn't get the death penalty when the trial court said admission of guilt, acceptance of responsibility is the first step of rehabilitation? Doesn't that indicate that because he pled, he didn't get death? Yeah, I see my time is up. Can I answer your question, your honor? Yes, please. Okay, so I have a few responses to that. The first is that if we're talking about the issue of waiver, we're talking about not just the receipt of a benefit, right? We're talking about an agreement because if someone can't, again, a waiver is the affirmative relinquishment of a known right. So just the fact that the court decided to give him a benefit for an open plea, does not show that he affirmatively waived his right to challenge his sentence. As your honor is well aware, under school 604D, a person who pleads guilty, who enters an open plea, can challenge their sentence without withdrawing their clue. And so the fact that he received a benefit in no way shows that my client waived his right to a sentencing challenge. And in addition, if you're talking about the sort of the discretion to give him a life or death sentence, the Illinois Supreme Court and other Illinois appellate courts, most recently in Campbell in 2023 in the first district, recognized that the key issue for discretion in a Miller case, or in a Harris case, is whether you have discretion to give something less than life. It's not just... And if my client's brain is like a juvenile brain, if he can show that at an evidentiary hearing, or if he was a juvenile, both of those sentences would be unconstitutional. Because under Miller, you can't get a mandatory life sentence. And under, I think it's Roper, you can't get a death sentence. So the state is essentially arguing that because the court had discretion to give one of two unconstitutional sentences, that that somehow shows that his sentence is unconstitutional, I think is wrong. So again, the fact that my client may have received the benefit from the court is not evidence of his affirmative waiver of his sentencing right, because he entered an open plea. Does that answer your question, Justice McCain? It does. Thank you. Thank you. Any other questions, Justice Welsh? No. Okay. Thank you both for your arguments in this case. This matter will be taken under advisement and we will issue an order in due course. Have a great day.